[Cite as *State v. Smitley*, 2017-Ohio-872.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO

    Appellee

    v.

EDWARD L. SMITLEY

    Appellant

C.A. No.     15CA010849

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    93CR043685

DECISION AND JOURNAL ENTRY

Dated: March 13, 2017

HENSAL, Judge.

{¶1} Edward Smitley appeals a judgment of the Lorain County Court of Common Pleas that denied his Motion to Remove Sexual Predator Tier III Classification Registration Pursuant to R.C. 2950.09(B). For the following reasons, this Court affirms.

I.

{¶2} In 1993, a jury convicted Mr. Smitley of rape and gross sexual imposition, and the trial court sentenced him to an aggregate of 12 to 25 years imprisonment. This Court affirmed his conviction and sentence on appeal. *State v. Smitley*, 9th Dist. Lorain No. 93CA005748, 1994 WL 463537 (Aug. 24, 1994). In 1997, the State requested that the trial court adjudicate Mr. Smitley a sexual predator under then-existing Revised Code Section 2950.09. Following a hearing in 2001, the trial court found that Mr. Smitley is a sexual predator and it notified him of his registration requirements. Mr. Smitley did not appeal its decision.

**{¶3}** In 2015, Mr. Smitley filed a pro se motion to remove his sexual-predator classification, arguing that the classification could not be imposed on him because Section 2950.09 did not exist at the time he committed his offenses. He asserted that neither the provisions of the Adam Walsh Act or Megan's Law could be applied to him because he committed his offenses before they took effect. The trial court denied Mr. Smitley's motion. Mr. Smitley has appealed, assigning as error that the trial court may not impose Megan's Law or Adam Walsh Act registration requirements on anyone who was already incarcerated at the time they were enacted.

II.

THE TRIAL COURT MAY NOT IMPOSE MEGAN'S LAW REGISTRATION OR ADAM WALSH ACT UPON A DEFENDANT WHO IS INCARCERATED EIGHT YEARS AFTER SENTENCING, THE COURT IMPOSED AN INVALID REGISTRATION UNDER SEXUAL PREDATOR STATUS PURSUANT TO R.C. § 2950.06[.]

**{¶4}** Mr. Smitley argues that the trial court was not permitted to retroactivity impose Megan's Law and the Adam Walsh Act on him. Initially, we note that, although the trial court found in 2001 that Mr. Smitley was a sexual predator under Megan's Law, former Section 2950.09, there is no indication in the record that the State ever attempted to reclassify him under the Adam Walsh Act. Accordingly, even though the Ohio Supreme Court has held that the Adam Walsh Act cannot be applied retroactively, we conclude that its holdings are inapplicable with respect to Mr. Smitley because the Act's provisions were never imposed on him. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, syllabus.

**{¶5}** Regarding Mr. Smitley's classification as a sexual predator under Megan's Law, we note that Mr. Smitley did not appeal the 2001 order that originally classified him as a sexual predator.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Mr. Smitley could have appealed the order that found he was a sexual predator. His argument, therefore, is barred under the doctrine of res judicata. *See State v. Burden*, 9th Dist. Summit No. 27298, 2014-Ohio-4456, ¶ 6 (concluding that defendant's challenge to sexual-predator finding was barred because he could have raised it on direct appeal); *State v. Britton*, 9th Dist. Lorain No. 03CA008221, 2003-Ohio-3502, ¶ 8. Moreover, the Ohio Supreme Court has held that former Section 2950.09 could be applied retroactively. *State v. Cook*, 83 Ohio St.3d 404 (1998), paragraph one and two of the syllabus. Mr. Smitley's assignment of error is overruled.

III.

**{¶6}** Mr. Smitley's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

     Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

EDWARD L. SMITLEY, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.