[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hunter v. Binette,* Slip Opinion No. 2018-Ohio-2681.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2681

THE STATE EX REL. HUNTER, APPELLANT, *v*. BINETTE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hunter v. Binette,* Slip Opinion No. 2018-Ohio-2681.]

Mandamus—Relator has misconstrued docket sheets—Judgment of dismissal affirmed.

(No. 2017-1062—Submitted January 23, 2018—Decided July 11, 2018.)

APPEAL from the Court of Appeals for Erie County, No. E-17-030.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Sylvester J. Hunter, appeals the decision of the Sixth District Court of Appeals denying his complaint for a writ of mandamus against appellee, Erie County Common Pleas Court Judge Roger E. Binette. Also pending are Hunter's motions for judgment on the pleadings and for an order to the clerk of courts, as well as Judge Binette's motion to dismiss. For the reasons set forth below, we deny the motions and affirm the judgment of the court of appeals.

*Background*

{¶ 2} Hunter was convicted by a jury of one count of rape. On July 7, 2005, Judge Binette held a sentencing hearing, at which he sentenced Hunter to a term of imprisonment of 10 to 25 years. Hunter appealed his conviction, which was affirmed. *State v. Hunter*, 169 Ohio App.3d 65, 2006-Ohio-5113, 861 N.E.2d 898 (6th Dist.).

{¶ 3} On June 26, 2017, Hunter filed an original action for a writ of mandamus in the Sixth District Court of Appeals to compel Judge Binette to vacate his sentence and conduct a new sentencing hearing. Hunter alleged that his sentence was void for at least two reasons.

{¶ 4} First, Hunter alleged that the trial court unlawfully declined to show him his presentence-investigation report ("PSI") before sentencing and that therefore, he was never properly sentenced. He invoked R.C. 2951.03(B)(1), which instructs that the trial court, "at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report." Citing the appellate court's docket sheet showing when the trial court certified the PSI report to the court of appeals, he claimed that a May 30, 2006 entry is proof that he and his attorney were not permitted to see the PSI before his 2005 sentencing.

{¶ 5} Hunter also alleged that the July 8, 2005 entry on the trial court's docket showing the filing of his judgment of conviction and a May 18, 2006 Sixth District judgment entry ordering his lower-court record for appeal prove that he was improperly convicted of the same offense in two different courts.

{¶ 6} On June 30, 2017, the court of appeals sua sponte dismissed the complaint as "frivolous." 6th Dist. Erie No. E-17-030, ¶ 2, 8. The court of appeals held that Hunter misunderstood the docket sheet. The trial court's docket sheet shows that the trial court *certified* the PSI report to the court of appeals on May 18, 2006, as required by App.R. 9(A) as part of the direct-appeal record, and *mailed* it to the court of appeals on May 30, 2006. These docket entries bear no relation to

when the PSI was shared with Hunter. In fact, the trial court's docket shows the filing of the PSI on July 6, 2005, one day *before* the sentencing hearing.

{¶ 7} As for Hunter's second claim, the court of appeals recognized that there was only one judgment entry and that Hunter had once again misunderstood the information on the appeals court's docket. *Id*. at ¶ 7.

{¶ 8} Hunter appealed and filed a merit brief. On October 23, 2017, he filed a Civ.R. 12(C) motion for judgment on the pleadings, asserting that he was entitled to judgment because the state failed to file a merit brief. The state responded with a motion to dismiss Hunter's merit brief (captioned as a motion to dismiss the complaint) because Hunter had allegedly failed to serve his brief on the state. Alternatively, the state asked for additional time in which to file its merit brief. Hunter filed a brief in opposition to the state's motion on November 3, 2017.

*Hunter's motion for an order to the clerk of courts*

{¶ 9} On August 30, 2017, Hunter filed a motion asking the court to order the Erie County Clerk of Courts to send him a complete index of the items filed in this court. S.Ct.Prac.R. 11.04(A)(1) requires the clerk of the trial court to prepare a certified copy of the docket and transmit it, along with the record, to this court. It does not require the clerk to serve those papers upon the parties to the appeal. We deny the motion.

*Hunter's motion for judgment on the pleadings*

{¶ 10} Hunter asks for judgment in his favor because the state failed to file a timely merit brief. Our Rules of Practice address this scenario. "If the appellee fails to file a merit brief within the time provided * * * , the Supreme Court may accept the appellant's statement of facts and issues as correct and reverse the judgment *if the appellant's brief reasonably appears to sustain reversal*." (Emphasis added.) S.Ct.Prac.R. 16.07(B). Thus, Hunter is not automatically entitled to judgment; he must demonstrate that he is reasonably entitled to reversal. *State ex rel. Willacy v. Smith*, 78 Ohio St.3d 47, 49, 676 N.E.2d 109 (1997)

(affirming the court of appeals' decision denying the appellant's requests for writs of mandamus and prohibition despite the appellee's failure to file a merit brief). Therefore, we deny Hunter's motion for judgment on the pleadings.

*The state's motion to dismiss*

**{¶ 11}** Judge Binette's motion to dismiss is based on Hunter's alleged failure to serve his merit brief. Our rules address this circumstance as well. "When a party * * * fails to serve a party or parties to the case in accordance with [the rules of service], any party adversely affected may file a motion to strike the document that was not served." S.Ct.Prac.R. 3.11(E)(1). If we determine that service was not proper, we may strike the document or order that it be served and impose a new deadline for the filing of any responsive document. S.Ct.Prac.R. 3.11(E)(2). We believe that this is what the state was trying to achieve with its miscaptioned motion to dismiss.

**{¶ 12}** We deny the motion because we find that even if service was improper, the state was not adversely affected. As discussed in the next section, even without a merit brief from the state, we affirm the judgment of the court of appeals.

*The merits of the appeal*

**{¶ 13}** Hunter's merit brief presents nine propositions of law. In proposition of law No. 1, he asserts that the PSI was not journalized in the common pleas court or made available to his counsel. The record does not support that assertion, as the court of appeals correctly observed. Moreover, even if the trial court *had* failed to make the PSI available prior to sentencing, Hunter has cited no authority for the proposition that this error would void his judgment. He had an adequate remedy by way of appeal, and so this claim is barred by res judicata.

**{¶ 14}** Propositions of law Nos. 3 and 9 repeat his claim that he was subjected to two separate judgment entries. His theory is that because there were two judgment entries, Judge Binette violated the rule set forth in Crim.R. 32(C) and

4

*State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17, which requires that a final order of conviction be contained in one document. But there were *not* two judgment entries: there was a single judgment entry of conviction, filed in the trial court on July 8, 2005, and then refiled in the Sixth District as part of the record on appeal on May 18, 2006. The court of appeals correctly rejected these claims.

{¶ 15} In proposition of law No. 2, Hunter challenges the finality of his sentencing entry under a different theory. In the entry, Judge Binette noted that at the sentencing hearing, he had continued Hunter's sexual-predator hearing and referred him for a sex-offender-classification evaluation. According to Hunter, the judgment entry therefore failed to dispose of all the charges in the case.

{¶ 16} In 2005, when Hunter was sentenced, sexual-offender-classification proceedings under R.C. Chapter 2950 were governed by Megan's Law, AmSub.H.B. No. 180, 146 Ohio Laws, Part II, 2560. Proceedings under Megan's Law were civil in nature, not criminal. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 43. As a result, sex-offender-classification proceedings were "legally distinct from the proceedings governing a defendant's underlying criminal conviction(s) and sentence." *State v. Gibson*, 2d Dist. Champaign No. 2009 CA 47, 2010-Ohio-3447, ¶ 25, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 32 (applying different standards of review to appeals from criminal convictions and classification proceedings). Because this determination was not criminal, Crim.R. 32(C) does not list it as a necessary component of a sentencing order to make the order final and appealable. To the contrary, courts often addressed the criminal sentence and the classification determination in separate entries and treated them as separately appealable orders. *See, e.g., State v. Dobrski*, 9th Dist. Lorain No. 06CA008925, 2007-Ohio-3121, ¶ 1 (concluding that the criminal sentencing entry was not final and appealable, but that the sexual-predator classification, contained in a separate

entry, was final and appealable). We therefore find that proposition of law No. 2 has no merit.

{¶ 17} Proposition of law No. 4 asserts that Judge Binette abused his discretion by sentencing Hunter without considering the overriding purposes of felony sentencing listed in R.C. 2929.11. But a challenge to the trial court's compliance with R.C. 2929.11 must be presented in a timely direct appeal or it is waived. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8. Therefore, we find that proposition of law No. 4 has no merit.

{¶ 18} In propositions of law Nos. 5 and 6, Hunter contends that Judge Binette erred by sentencing him under an earlier version of R.C. 2929.19(B)(2)(d) (addressing sentencing hearings) for two reasons: (1) the rape of which Hunter was convicted occurred on the night of April 19-20, 1995, *see Hunter*, 169 Ohio App.3d 65, 2006-Ohio-5113, 861 N.E.2d 898, at ¶ 2, and former R.C. 2929.19(B)(2)(d), Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7485, does not apply to offenses committed before July 1, 1996, and (2) even if the statute did apply to his case, former R.C. 2929.19(B) was declared unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 19} Hunter previously raised these claims in a postconviction petition, and the Sixth District Court of Appeals rejected them on the merits. *See State v. Hunter*, 6th Dist. Erie No. E-15-049, 2016 Ohio App. LEXIS 2924 (June 10, 2016). Proposition of law Nos. 5 and 6 are therefore barred by res judicata. *State ex rel. Dawson v. Summit Cty. Court of Common Pleas*, 146 Ohio St.3d 435, 2016-Ohio-1597, 57 N.E.3d 1146, ¶ 8-10 (a challenge to the finality of a judgment that was raised in a postconviction petition is res judicata).

{¶ 20} Proposition of law No. 7 alleges that Judge Binette imposed an improper sentence because his sentence was permissible for an aggravated felony although Hunter was not indicted for or convicted of an aggravated felony. However, "sentencing errors are generally not remediable by extraordinary writ,

because the defendant usually has an adequate remedy at law available by way of direct appeal." *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3 (affirming the denial of mandamus relief to an inmate who claimed he was improperly sentenced). Therefore, we find that proposition of law No. 7 has no merit.

{¶ 21} Finally, proposition of law No. 8 alleges a violation of R.C. 2947.06(B), which concerns the appointment of psychologists and psychiatrists to assist the court at sentencing. Hunter does not explain what the violation was or, more importantly, why he could not have raised the alleged error on direct appeal. We reject this proposition of law.

Motions denied

and judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., concurs in part and dissents in part, with an opinion joined by FRENCH, J.

DEGENARO, J., not participating.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 22} I concur with the majority in affirming the court of appeals' judgment denying appellant Sylvester Hunter's petition for a writ of mandamus to vacate his prison sentence and conduct a new sentencing hearing. I also concur in denying Hunter's motion for judgment on the pleadings and in denying appellee Judge Binette's motion to dismiss. I dissent, however, from the majority's decision to deny Hunter's motion for an order to the clerk of courts to send him an index of items filed in this court.

{¶ 23} S.Ct.Prac.R. 11.04(B)(1)(b) provides, "At least ten days before the clerk of the trial court transmits the record, the clerk shall send a copy of each index to all counsel of record in the case." As Hunter is pro se in this matter, he is counsel

of record and is entitled to a copy of the index. Therefore, I would grant Hunter's motion and order the Erie County Clerk of Courts to send of copy of the index to Hunter.

FRENCH, J., concurs in the foregoing opinion.

_____

Sylvester J. Hunter, pro se.

Kevin J. Baxter, Erie County Prosecuting Attorney, and Martha S. Schultes, Assistant Prosecuting Attorney, for appellee.

_____