[Cite as *State ex rel. Steiner v. Rinfret*, 2019-Ohio-3853.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE ex rel. TIMOTHY STEINER | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Relator | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 19 CA 3 |
| JUDGE ROBERT D. RINFRET | |
| Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:        Writ of Mandamus


JUDGMENT:                        Dismissed


DATE OF JUDGMENT ENTRY:         September 23, 2019


APPEARANCES:

For Relator                      For Respondent

TIMOTHY D. STEINER               ROBERT K. HENDRIX
PRO SE                           ASSISTANT PROSECUTOR
Grafton Correctional Institution 164 East Jackson Street
2500 South Avon Belden Road      Millersburg, Ohio  44654
Grafton, Ohio  44044

*Wise, John, J.*

{¶1} On February 19, 2019, Timothy Steiner filed a petition for writ of mandamus to compel Judge Robert D. Rinfret to correct his sentence by resentencing him under R.C. 2929.14(B)(3). Mr. Steiner contends Judge Rinfret failed to sentence him under the statutory requirements for an attempted rape. Thus, Mr. Steiner concludes the sentence imposed by the trial court is contrary to law. The Holmes County Prosecutor, on behalf of Judge Rinfret, has moved to dismiss Mr. Steiner's writ.

{¶2} For a writ of mandamus to issue, the Relator must have a clear legal right to the relief prayed for, the Respondent must be under a clear legal duty to perform the requested act, and Relator must have no plain and adequate remedy in the ordinary court of law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983).

{¶3} The Court grants Judge Rinfret's motion to dismiss for several reasons. First, Mr. Steiner's complaint fails to comply with the procedural requirements of R.C. 2969.25. This statute contains specific filing requirements for inmates who file a civil action against a government employee or entity. The statutory requirements of R.C. 2969.25 apply here because Judge Rinfret is a "government employee" and the Holmes County Common Pleas Court is a "government entity" as those terms are defined under R.C. 2969.21(B)(1)(a) and (C). Further, Mr. Steiner is incarcerated in the Grafton Correctional Institution and therefore satisfies the definition of "inmate" under R.C. 2969.21(D).

{¶4} Under R.C. 2969.25(A), an inmate who files a civil action or appeal against a government entity or employee "shall file with the court an affidavit that contains a

description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." An inmate is required to strictly comply with the statute. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. The affidavit must contain certain information, including:

> The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

**{¶5}** R.C. 2969.25(A)(4)

**{¶6}** Failure to follow the mandatory requirements of R.C. 2969.25(A) in the commencement of an action requires dismissal. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶6. ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subject an inmate's action to dismissal.") *See also State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶4. Further, the Ohio Supreme Court recently affirmed the mandatory nature of the statute in *Swanson* where the Court dismissed a mandamus action because the inmate failed to include in his affidavit a mandamus action that he had filed weeks earlier. *Swanson*, 2019-Ohio-1271, at ¶7.

**{¶7}** Here, Mr. Steiner failed to attach the required affidavit to his writ of mandamus. This statutory deficiency alone justifies dismissal of his writ. However, in

addition to this statutory deficiency, Mr. Steiner's writ also fails on its merits because he had an adequate remedy at law to correct any alleged sentencing error by way of a direct appeal. *See State ex rel. Hunter v. Binette*, 154 Ohio St.3d 508, 2018-Ohio-2681, 116 N.E.3d 121, ¶20 citing *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶3 (" '[S]entencing errors are generally not remediable by extraordinary writ, because the defendant usually has an adequate remedy at law available by way of direct appeal.' ")

**{¶8}** Indeed, that is the case here. Mr. Steiner filed a direct appeal from his conviction and challenged his sentencing on the basis that the trial court improperly imposed consecutive sentences. The Court rejected this challenge and affirmed his conviction and sentence. *See State v. Steiner*, 5th Dist. Holmes No. 15CA17, 2016-Ohio-4648. Thus, Mr. Steiner had an adequate remedy at law by way of his direct appeal to challenge the sentencing issue he now raises. A writ may not be used as a substitute for an appeal or a means of gaining a second chance for appellate review. *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶11, citing *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249, 594 N.E.2d 616 (1992).

{¶9}  For these reasons, Mr. Steiner's writ is dismissed.

{¶10} The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).


By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.


JWW/d  0911