[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steiner v. Rinfret*, Slip Opinion No. 2020-Ohio-1510.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1510

THE STATE EX REL. STEINER, APPELLANT, *v.* RINFRET, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steiner v. Rinfret*, Slip Opinion No. 2020-Ohio-1510.]

*Mandamus—Sentencing—Adequate remedy at law—Generally, sentencing errors may not be remedied through an extraordinary writ—Court of appeals' judgment of dismissal affirmed.*

(No. 2019-1387—Submitted January 28, 2020—Decided April 21, 2020.)

APPEAL from the Court of Appeals for Holmes County,

No. 19 CA 3, 2019-Ohio-3853.

————————

**Per Curiam.**

{¶ 1} Appellant, Timothy Steiner, appeals the judgment of the Fifth District Court of Appeals dismissing his petition for a writ of mandamus against appellee, Holmes County Court of Common Pleas Judge Robert D. Rinfret. We affirm the

court of appeals' dismissal of Steiner's petition because he had an adequate remedy in the ordinary course of the law.

## Background

{¶ 2} Steiner, an inmate at the Grafton Correctional Institution, is serving consecutive prison terms for five convictions, including one conviction for attempted rape, a felony of the first degree. On February 19, 2019, Steiner filed a petition for a writ of mandamus in the Fifth District against Judge Rinfret. Steiner argued that Judge Rinfret improperly sentenced him to a prison term of 9 years for his attempted-rape conviction instead of the maximum prison term of 11 years and that Judge Rinfret has a clear legal duty to resentence him.

{¶ 3} Judge Rinfret filed a motion to dismiss the petition under Civ.R. 12(B)(6), arguing that the petition failed to state a claim upon which relief could be granted. The court of appeals granted the motion to dismiss, determining that Steiner had failed to file a mandatory affidavit of his prior civil actions under R.C. 2969.25(A) and that Steiner had an adequate remedy in the ordinary course of the law. 2019-Ohio-3853, ¶ 3-7.

## Legal Analysis

{¶ 4} We review the dismissal of a complaint for a writ of mandamus under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10. Dismissal is appropriate only if it "appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. Relief in mandamus is not available if the petitioner had an adequate remedy in the ordinary course of the law. *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24.

**{¶ 5}** Steiner directly appealed his convictions and sentence and presented a single assignment of error in which he argued that the trial court erred in imposing consecutive prison sentences. *State v. Steiner*, 5th Dist. Holmes No. 15CA17, 2016-Ohio-4648, ¶ 10-11. He could have also raised his challenge to his nine-year prison sentence for his attempted-rape conviction on direct appeal. *State ex rel. Cowell v. Croce*, 157 Ohio St.3d 103, 2019-Ohio-2844, 131 N.E.3d 934, ¶ 5 ("As a general matter, sentencing errors may not be remedied through an extraordinary writ, because the defendant usually has or had" an adequate remedy at law through direct appeal). Thus, the court of appeals was correct in determining that Steiner had an adequate remedy in the ordinary course of the law.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Timothy Steiner, pro se.

Sean Warner, Holmes County Prosecuting Attorney, and Robert K. Hendrix, Assistant Prosecuting Attorney, for appellee.

_____