[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thomas v. Gaul*, Slip Opinion No. 2020-Ohio-3257.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3257

THE STATE EX REL. THOMAS, APPELLANT, *v.* GAUL, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thomas v. Gaul*, Slip Opinion No. 2020-Ohio-3257.]

*Mandamus—Inmate's claims challenging his convictions barred by res judicata or waived for his failure to raise them in complaint—Court of appeals' denial of writ affirmed.*

(No. 2019-1771—Submitted April 28, 2020—Decided June 11, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 109080, 2019-Ohio-5131.

_____

**Per Curiam.**

{¶ 1} Appellant, Robert L. Thomas, is in prison for multiple rape and kidnapping convictions.  In 2019, he filed a complaint in the Eighth District Court of Appeals seeking a writ of mandamus to compel appellee, Cuyahoga County

Court of Common Pleas Judge Daniel Gaul, to vacate his convictions. The Eighth District denied the writ, and Thomas appeals to this court as of right. We affirm.

**Background**

{¶ 2} Thomas was charged with raping a 12-year-old girl multiple times between August and October 2012. He was indicted in early 2013, but at the state's request, that indictment was dismissed without prejudice. Thomas was reindicted later that year, and a jury found him guilty of multiple rape and kidnapping counts. He was sentenced to an aggregate prison term of 50 years to life.

{¶ 3} On appeal, the Eighth District affirmed Thomas's convictions but vacated his sentence because the trial court had not made the findings necessary for imposing consecutive sentences. *State v. Thomas*, 8th Dist. Cuyahoga No. 101797, 2015-Ohio-3226, ¶ 65, 69. On remand, the trial court made the necessary findings and again imposed an aggregate prison term of 50 years to life.

{¶ 4} In 2019, Thomas filed a mandamus complaint in the Eighth District to compel Judge Gaul to vacate his convictions. Thomas claimed that the first indictment against him had been dismissed on speedy-trial grounds and that his convictions violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Eighth District granted summary judgment in Judge Gaul's favor and denied the writ.

**Analysis**

{¶ 5} We review the Eighth District's decision granting summary judgment de novo. *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9. To be entitled to a writ of mandamus, Thomas must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Gaul to provide that relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 6} Thomas alleges that his convictions are void because, he says, the trial court dismissed the first indictment against him on speedy-trial grounds and he was protected against reindictment under the Double Jeopardy Clause. Thomas could have raised these claims prior to his criminal trial and again in his appeal from the trial court's judgment of conviction. *See* R.C. 2945.73(B) and (D); *Borsick v. State*, 73 Ohio St.3d 258, 259, 652 N.E.2d 951 (1995); *State ex rel. Dix v. Angelotta*, 18 Ohio St.3d 115, 116, 480 N.E.2d 407 (1985). Therefore, the claims are barred by res judicata, and the Eighth District was correct in concluding that Thomas's mandamus request fails as a matter of law. *See State ex rel. Hunter v. Binette*, 154 Ohio St.3d 508, 2018-Ohio-2681, 116 N.E.3d 121, ¶ 13.

{¶ 7} We note that Thomas also argues in his merit brief that Judge Gaul was required to issue findings of fact when he dismissed the first indictment and that the second indictment was deficient. Thomas waived these arguments by failing to raise them in his complaint. *See State ex rel. Sevayega v. Gallagher*, 151 Ohio St.3d 208, 2017-Ohio-8369, 87 N.E.3d 212, ¶ 16.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Robert L. Thomas, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____