[Cite as *State v. Schell*, 2022-Ohio-4142.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.    21CA011816 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID SCHELL | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    03 CR 064207 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2022

TEODOSIO, Presiding Judge.

**{¶1}** Appellant, David Schell, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Mr. Schell pled guilty in September 2005 to attempted gross sexual imposition, a felony of the fifth degree. The trial court sentenced him to six months in prison and noted in its sentencing entry that Mr. Schell was being classified as a habitual sex offender. In a separate entry filed on the same day, the court detailed Mr. Schell's duties to register as a habitual sex offender. Mr. Schell did not appeal the court's judgment. Mr. Schell was resentenced in February 2006 and was advised of the terms and conditions of his post-release control. Mr. Schell did not appeal the court's judgment.

**{¶3}** Many years later, in October 2021, Mr. Schell filed a motion to reopen his case for a new sentence, in which he sought to be resentenced and classified as a sexually oriented offender

under Megan's Law, because the underlying case was his only conviction for a sexually oriented offense. *See* Former R.C. 2950.01(B) (defining a "habitual sex offender" as a person who has been convicted of or pled guilty to a sexually oriented offense *and who previously has been convicted of or pled guilty to one or more sexually oriented offenses*). The trial court denied the motion on the basis of res judicata.

{¶4} Mr. Schell now appeals from the trial court's judgment and raises two assignments of error for this Court's review. Because they must both be overruled on the basis of res judicata, we have consolidated them to facilitate our review.

II.

### ASSIGNMENT OF ERROR ONE

APPELLANT WAS IMPROPERLY SENTENCED IN MULTIPLE PARTS WHERE A SINGLE ENTRY IS REQUIRED.

### ASSIGNMENT OF ERROR TWO

APPELLANT WAS IMPROPERLY CLASSIFIED AS A HABITUAL SEXUAL OFFENDER UNDER MEGAN'S LAW, EFFECTIVE FROM JANUARY 1, 1997, TO DECEMBER 31, 2007, IN THAT AT THE TIME OF HIS SENTENCING HE DID NOT HAVE ANY PRIOR CONVICTIONS FOR ANY SEX OFFENSE.

{¶5} In his first assignment of error, Mr. Schell argues that the trial court's sentencing and resentencing entries are void because his sex offender classification occurred in separate entry, in violation of the "one document rule" set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 17 ("Only one document can constitute a final appealable order."), *modified in part on other grounds*, *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. In his second assignment of error, Mr. Schell argues that the trial court erred by incorrectly classifying him under Megan's Law as a habitual sex offender when he should have been classified as a sexually oriented offender. As a result, he contends that he has now been unjustly prosecuted

in both Ohio and Florida for additional felonies related to his duties to register, when the alleged offenses occurred after his duties to register as a sexually oriented offender would have expired.

{¶6} Mr. Schell first argues that his classification as a habitual sex offender was contained in a separate document from both his sentencing and resentencing entries, in violation of the "one document rule." The premise of Mr. Schell's argument that those entries are therefore "void" is incorrect, however, as a sentence is only void "'when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused.'" *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, ¶ 10, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42. Mr. Schell has not argued that the trial court did not have either personal jurisdiction over him or subject-matter jurisdiction over the case. When a sentencing court has jurisdiction to act, sentencing errors render the sentence voidable, not void. *Harper* at ¶ 42. "If a judgment entry is voidable, then it must be challenged on direct appeal, or else principles of res judicata will apply * * *." *State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, ¶ 12. *See also State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, ¶ 22 (stating that res judicata does not occur in a vacuum, and the party aggrieved by a court's error must challenge it on direct appeal). "[R]es judicata bars the consideration of issues that could have been raised on direct appeal." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 11. *See also State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. In doing so, it "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

{¶7} Mr. Schell's argument that the trial court violated the "one document rule" in *Baker* "amounts to nothing more than * * * an arguable sentencing error[,]" *State ex rel. Davis* at ¶ 11,

which would render his sentencing and resentencing entries voidable, *Harper* at ¶ 42, and would require him to raise that argument on direct appeal. *State ex rel. Romine* at ¶ 12. Because he neglected to do so, his argument is now barred by res judicata. *See id.*

{¶8} Regarding his second argument that the trial court incorrectly classified him under Megan's Law as a habitual sex offender instead of a sexually oriented offender, the record is clear that Mr. Schell never appealed his sentencing, resentencing, or sex offender classification entries. Because he never appealed the entries that classified him as a habitual sex offender, his claim that that finding was made in error is now barred by the doctrine of res judicata. *See State v. Smitley*, 9th Dist. Lorain No. 15CA010849, 2017-Ohio-872, ¶ 5; *State v. Stevenson*, 9th Dist. Summit No. 21953, 2005-Ohio-156, ¶ 7.

{¶9} This Court is not unsympathetic to Mr. Schell's situation, as it appears upon first glance that his argument that he should have been classified as a sexually oriented offender may indeed have merit. Nevertheless, we simply cannot overlook the fact that Mr. Schell waited over a decade and a half before alleging for the first time that the trial court erred in sentencing him. As the United States Supreme Court has held: The res judicata consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

{¶10} Accordingly, Mr. Schell's first and second assignments of error are both overruled.

III.

{¶11} Mr. Schell's first and second assignments of error are both overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURRING.

{¶12} I concur. I write separately to point out that the trial court did not violate the one document rule. The one document rule, as stated in *State v. Baker*, provides that "[o]nly one document can constitute a final appealable order." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 17. Schell argues that his classification under Megan's Law was contained in a separate document from his sentencing and resentencing entries and that the same violated the one document rule. However, "[p]roceedings under Megan's Law were civil in nature, not criminal." *State ex rel. Hunter v. Binette*, 154 Ohio St.3d 508, 2018-Ohio-2681, ¶ 16. "Because th[e] determination [under Megan's Law] was not criminal, Crim.R. 32(C) does not list it as a necessary component of a sentencing order to make the order final and appealable. To the contrary, courts often addressed the criminal sentence and the classification determination in separate entries and treated them as separately appealable orders." *Id.* Accordingly, I agree that res judicata applies as Schell could have raised these issues on appeal but did not appeal. Nonetheless, he may have recourse via a delayed appeal if he meets the necessary requirements.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.