DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Danny J. Stevenson has appealed the decision of the Summit County Court of Common Pleas that denied his motion to modify his sentence. This Court affirms.
 I {¶ 2} On June 28, 1984, Appellant was convicted of two counts of rape and one count of endangering children for the rape of his then six year old son. On that same day, Appellant was sentenced to a term of life in prison. Appellant brought a timely direct appeal of his convictions, and this Court affirmed his convictions on March 20, 1985. See State v. Stevenson (Mar. 20, 1985), 9th Dist. No. 11784. On May 27, 1998, the trial court held a sex offender classification hearing pursuant to R.C.2950.09(C), Ohio's sexual offender classification statute, at which time it classified Appellant as a habitual sexual offender. At the time of his classification, Appellant reserved his right to appeal the constitutionality of R.C. 2950.09. No direct appeal was taken.
 {¶ 3} Proceeding pro se, on January 8, 2004, almost six years after Appellant's habitual sexual offender classification was entered, Appellant filed a motion captioned "Motion to Correct Illegally Modified Sentence." In his motion, Appellant argued that R.C. 2950.09 was unconstitutional and that as a result, the reporting requirements resulting from his May 27, 1998 classification as a habitual sexual offender constituted an impermissible additional sentence. Relying on State v. Cook
(1998), 83 Ohio St.3d 404, the trial court denied Appellant's motion on January 15, 2004, stating that R.C. 2950.09 is constitutional and does apply to sex offenders who were convicted and sentenced prior to the statute's January 1, 1997 effective date.
 {¶ 4} Appellant has timely appealed the trial court's January 15, 2004 decision, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court was totally without statutory subject-matter jurisdiction in the matter of State v. Stevenson as a matter of State Law. in Violation of R.C. § 2931.02, O. Const. Art. IV § 4(B) and the Fourth and Fourteenth Amendments to the U.S. Constitution. (SIC)"
 {¶ 5} In his sole assignment of error, Appellant appears to have argued that the trial court was without jurisdiction to classify him as a habitual sexual offender. Specifically, Appellant appears to have argued that the trial court was without jurisdiction because Appellant was not charged with being a habitual sexual offender by way of an indictment but instead classified as such pursuant to R.C. 2950.09. We disagree.
 {¶ 6} This Court has long held that "[t]he doctrine of res judicata precludes any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, or on an appeal[.]" State v. Rexroad, 9th Dist. No. 22214, 2004-Ohio-6271, at ¶ 8, citing State v. Clemens (May 31, 2000), 9th Dist. No. 19770. A defendant's failure to raise a direct appeal from a conviction and sentence does not bar application of res judicata. Clemens, supra, citing State v.Quiles (Jan. 2, 1997), 9th Dist. No. 96CA006312.
 {¶ 7} In the instant matter, Appellant was classified as a habitual sexual offender on May 27, 1998; he never brought a direct appeal of his classification. Instead, he waited until January of 2004, nearly six years after his classification, before he attempted to challenge his classification by way of his motion to correct his sentence. Our review of Appellant's motion to the trial court as well as his brief to this Court reveals that Appellant has challenged the constitutionality of R.C.2950.09 and his classification thereunder. Such an argument was undeniably available to him in 1998 at the time of his classification.
 {¶ 8} Based on the foregoing, we are convinced that that Appellant has attempted to use his motion to correct his sentence as a means of presenting arguments regarding his convictions that could have been raised under a direct appeal in 1998. As a result, we conclude that Appellant's appeal to this Court is barred by the doctrine of res judicata. Appellant's sole assignment of error lacks merit.
 III {¶ 9} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Baird, J., concur.