DECISION AND JUDGMENT ENTRY
{¶ 1} Herman Hobbs appeals the trial court's decision overruling his motion that requested the court to remove a requirement in his judgment of conviction and sentence that he register as a sex offender. He asserts that the trial court's requirement that he register as a sex offender violates the Full Faith and Credit Clause. Specifically, Hobbs contends that the court should not have required him to register as a sex offender because the original sexually oriented offenses occurred in the State of Florida and officials in that state did not inform him that he had to register as a sex offender "or give him any instruction on how or even whether he must do so in the State of Ohio." Because Hobbs did not file a direct appeal from the trial court's judgment of conviction and sentence that contained the requirement that he register as a sex offender and because he could have raised the argument he now raises on direct appeal, res judicata bars it. Therefore, we affirm the trial court's judgment.
 {¶ 2} On December 10, 2002, the Scioto County Grand Jury returned an indictment charging Hobbs with failing to register as a sex offender, in violation of R.C. 2950.04(E). On May 8, 2003, Hobbs pled guilty. On July 9, 2003, the trial court sentenced Hobbs to five years of community control and ordered him to register as a sex offender.
 {¶ 3} On November 16, 2004, Hobbs filed a motion "to remove the requirement that he register as a sex offender pursuant to R.C. 2950.05(A) (B)." On June 1, 2005, the trial court overruled Hobbs' motion.
 {¶ 4} Hobbs timely appealed and assigns the following errors:
 {¶ 5} "I. THE APPELLANT WAS RELEASED FROM PRISON IN 1999 FROM THE STATE OF FLORIDA WITH NO INSTRUCTION ON HOW TO REGISTER, LET ALONE, TO REGISTER AS A SEX OFFENDER AND THE APPELLANT ARGUES HE HAD NO DUTY TO SO REGISTER.
 {¶ 6} II. THE APPELLANT WAS APPARENTLY REGISTERED AS A SEX OFFENDER ON MAY 10, 2001, WITHOUT THE KNOWLEDGE OR CONSENT OF THE APPELLANT, PRESUMABLY BY THE STATE OF FLORIDA, NOTWITHSTANDING THE FACT THAT THE APPELLANT HAD BEEN AN OHIO RESIDENT FOR APPROXIMATELY TWO YEARS BEFORE SAID REGISTRATION IN FLORIDA.
 {¶ 7} III. APPELLANT ARGUES THAT AS HE HAD NO DUTY TO REGISTER IN THE STATE OF FLORIDA, AS INSTRUCTED TO THE APPELLANT BY THE STATE OF FLORIDA, THE STATE OF OHIO SHOULD GIVE FULL FAITH AND CREDIT TO THE STATE OF FLORIDA'S DECISION TO NOT REQUIRE THE APPELLANT TO REGISTER AS A SEX OFFENDER UPON HIS RELEASE FROM PRISON IN 1999."
 I. {¶ 8} Hobbs raises three assignments of error but has only one argument in his brief. App.R. 16(A)(7) requires a separate argument for each assignment of error. App.R. 12(A)(2) permits us to disregard any assignment of error that an appellant fails to separately argue. We would be well within our discretionary authority to summarily overrule Hobbs's assignments of error and affirm the trial court's decision. See, e.g., MortgageElectronic Registrations Sys. v. Mullins, 161 Ohio App.3d 12,2005-Ohio-2303, 829 N.E.2d 326. However, because we strive to decide appeals on their merits instead of on technicalities, we will review his assignments of error. See Childers v. Childers,
Scioto App. No. 05CA3007, 2006-Ohio-1391, at ¶ 12.
 II. {¶ 9} In his three assignments of error, Hobbs contends that the trial court's decision to overrule his motion requesting it to remove the requirement that he register as a sex offender from his judgment of conviction and sentence violates the Full Faith and Credit Clause.
 {¶ 10} The state argues, in part, that Hobbs waived the argument. The state notes that he was indicted in December of 2002, pled guilty in July of 2003, but did not file a motion to have the sex offender registration requirement removed until November of 2004. He did not oppose the sex offender registration requirement during the trial court proceedings and he did not appeal the issue.
 {¶ 11} Generally, there are two means by which a defendant may challenge a judgment of conviction and sentence. See Statev. Harris, Sandusky App. No. S-05-014, 2006-Ohio-1395, at ¶ 8. First, a defendant may file a direct appeal within thirty days of the judgment entry on sentencing. See App.R. 4(A). Second, a defendant may file an R.C. 2953.21 postconviction relief petition. See Harris, at ¶ 8.
 {¶ 12} In the case at bar, Hobbs did not directly appeal his judgment of conviction and sentence. Furthermore, Hobbs did not identify his motion as a postconviction relief petition, and we have discovered no rule permitting a motion to remove a requirement to register as a sex offender. Cf. State v.Caldwell, Paulding App. No. 11-05-07, 2005-Ohio-5375, at ¶ 8 (finding no authority for filing a motion to correct sentence).
 {¶ 13} In any event, res judicata bars Hobbs's arguments. The doctrine of res judicata bars a party from raising issues that the party previously raised or previously could have raised. See, e.g., State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Res judicata applies to any proceeding initiated after a final judgment of conviction. Statev. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus. A defendant's failure to bring a direct appeal from a judgment of conviction and sentence does not bar application of res judicata. See State v. Houser, Washington App. No. 03CA7, 2003-Ohio-6461, at ¶ 7; State v. Evans (Mar. 26, 2002), Adams App. No. 01CA715.
 {¶ 14} Hobbs could have raised his claim that the court improperly ordered him to register as a sex offender in a direct appeal to this court. Cf. State v. Stevenson, Summit App. No. 21953, 2005-Ohio-156 (holding that appellant could have appealed his sex offender classification on direct appeal but not six years later). Thus, res judicata bars Hobbs from now arguing that the court improperly ordered him to register as a sex offender.
 {¶ 15} Moreover, to the extent that Hobbs's motion is a postconviction relief petition, he did not file it timely. A petitioner must file a postconviction relief petition within one hundred eighty days after the time for filing an appeal expires, if no direct appeal is filed. See R.C. 2953.21(A)(2). Here, the trial court filed its sentencing entry on July 9, 2003. The deadline for filing an appeal expired on August 8, 2003, and the deadline for filing a postconviction relief petition expired on February 4, 2004. Hobbs's November 2004 motion falls well-outside that timeframe.
 {¶ 16} R.C. 2953.23(A)(1) prohibits a trial court from entertaining an untimely postconviction relief petition unless both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
 {¶ 17} Hobbs has not argued that either of the above two circumstances justify his untimely petition and the record does not show that either one would apply. Therefore, the trial court could have denied Hobbs's motion on this basis.
 {¶ 18} Accordingly, we overrule Hobbs's three assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment Only.