OPINION
{¶ 1} Defendant-appellant, Sidney S. Hamilton, appeals from a judgment of the Franklin County Court of Common Pleas granting plaintiff-appellee, Franklin County Prosecuting Attorney, summary judgment on plaintiff's complaint seeking to enjoin defendant from residing within 1,000 feet of a school premises per R.C. 2950.031's *Page 2 
residency restrictions for certain sexually oriented offenders. Because no genuine issue of material fact exists and plaintiff is entitled to judgment as a matter of law, we affirm.
 {¶ 2} On August 26, 1993, defendant, represented by counsel, entered a guilty plea to one count of attempted rape in violation of R.C. 2923.02
as it relates to R.C. 2907.02, and one count of gross sexual imposition in violation of R.C. 2907.05. According to the parties, the trial court sentenced defendant to six to 15 years; it later found him to be a sexual predator pursuant to R.C. 2950.09.
 {¶ 3} As a sexually oriented offender who was sentenced for the sexually oriented offense to a prison term and, on or after July 1, 1997, was released from incarceration, defendant was also required to register as a sex offender and register his residence address with the sheriff of the county in which he resides. See R.C. 2950.04. In 2003, the Ohio General Assembly enacted R.C. 2950.031, effective July 31, 2003, which prohibits registered sex offenders from residing within 1,000 feet of a school premises. In 2005, the statute was amended to provide county prosecutors with the power to enforce its provisions through a cause of action for injunctive relief. The statute again was amended in July 2007 and was recodified as R.C. 2950.034. Because the 2007 amendments are not material here, we analyze R.C. 2950.031 as in effect before its 2007 amendment and recodification.
 {¶ 4} On May 5, 2006, the Franklin County Prosecutor filed a complaint against defendant pursuant to R.C. 2950.031 seeking to enjoin him from residing within 1,000 feet of a school premises. On May 31, 2006, defendant responded with an answer as well as a counterclaim. In the counterclaim, defendant both raised a variety of constitutional *Page 3 
issues concerning his underlying conviction and set forth contentions relating to false imprisonment, malicious prosecution and abuse of process, intentional infliction of emotional distress, respondeat superior, and negligence. After filing an answer to defendant's counterclaim, plaintiff filed a motion for summary judgment. Defendant responded with a motion for summary judgment, arguing that the question to be answered was whether defendant's conviction for attempted rape and gross sexual imposition were invalid for the reasons defendant enumerated, including invalid indictment, use of perjured testimony, and the destruction and suppression of exculpatory evidence.
 {¶ 5} On May 18, 2007, the trial court granted plaintiff's summary judgment motion and denied defendant's summary judgment motion. The court concluded that "since Defendant is a sexually oriented offender, that is not registration exempt, and is living within 1000 feet of a school, * * * the Court finds that Plaintiff is entitled to summary judgment as a matter of law on this claim." (May 18, 2007 Decision, 7.)
 {¶ 6} The trial court further determined that defendant's attempt to relitigate the underlying conviction giving rise to the present action was barred by res judicata, as defendant could have appealed his conviction or sought post-conviction relief but failed to do either timely. Finally, the court concluded plaintiff was immune under R.C.2744.02(A)(1) with respect to the allegations of defendant's counterclaim. Accordingly, the trial court on June 5, 2007 entered judgment for plaintiff, enjoining defendant from residing within 1,000 feet of Sonshine Academy and perpetually enjoining defendant from violating R.C. 2950.031. Defendant appeals, assigning the following errors: *Page 4 
 "Aurguments of Law No. I
 "Trial court erred, abused its discretion, and prejudiced Appellee ruling `the existence of a valid final judgment of conviction precludes Appellee from pursuing those claims in this court,' when Appellant's right to counsel guaranteed in the criminal rules was not satisfied where the municipal court caused attorney in attendance at a court session to represent appellant, failing to advise appellant who was detained in the Franklin County Jail, not being present in court, and had no knowledge of the Municipal Court proceedings, thus prejudicing Appellee causing "plain error," which is obvious, on the record, papable, and fundamental, voiding Appellee's contract with the State, and Appellant's are interlocutory with the current claim(s) pursuant to Crim.R. 32(B), amounting to a complete miscarriage of justice, which prevented the Common Pleas Court of proper jurisdiction over Appellant, being non-waivable pursuant to Crim.R. 12(B)(6). Consequently, voiding all subsequent proceedings, including all Appellants contracts/agreements with the Appellee.
 "Aurguments of Law No. II
 "Trial court erred, abused its discretion, and prejudiced Appellee ruling `the existence of a valid final judgment of conviction precludes Appellee from pursuing those claims in this court,' when Appellee's right to counsel guaranteed in the criminal rules was not satisfied where the municipal court caused attorney in attendance at a court session to represent Appellee, failing to advise Appellee who was detained in the Franklin County Jail, not present in court, and had no knowledge to the Municipal Court, thus prejudicing Appellee causing `plain error,' which is obvious, on the record, papable, and fundamental, voiding Appellee's contract with the State, and Appellant's are interlocutory with the current claim(s) pursuant to Crim.R. 32(B), amounting to a complete miscarriage of justice. which prevented the Common Pleas Court of proper jurisdiction over Appellant, being non-waivable pursuant to Crim.R. 12(B)(6). Consequently, voiding all subsequent proceedings, including all Appellants contracts/agreements with the Appellees. *Page 5 
 "Aurguments of Law No. III
 "Trial Court erred, abused its discretion, and prejudiced Appellee ruling `the existence of a valid final judgment of conviction precludes Appellee from pursuing those claims in this court,' when The Municipal Courts failure to comply with Crim.R. 5(B)(6), Crim.R. 32(B) and Civ.R. 58, (finding no probable cause, no judgment entry, no journal entry by the clerk stating the courts findings) which is obvious, on the record, papable, and fundamental, voiding Appellee's contract with the State, and Appellant's are interlocutory with the current claim(s) pursuant to Crim.R. 32(B), amounting to a complete miscarriage of justice. which prevented the Common Pleas Court of proper jurisdiction over Appellee, being non-waivable pursuant to Crim.R. 12(B)(6). Consequently, voiding all subsequent proceedings, including all Appellants contracts/agreements with the Appellees.
 "Aurguments of Law No. IV
 "Trial court erred abused its discretion, and prejudiced Appellee ruling `the existence of a valid final judgment of conviction precludes Appellee from pursuing those claims in this court,' when The use of a form or stamp entry reciting that Appellee's case was dismissed, cannot substitute for proper recording of proceedings before the municipal court judge, and fails to meet the requirements of Crim.R. 32(B) and Civil.R. 58, thus prejudicing the Appellee based on facts which are obvious, on the record, papable, and fundamental, voiding Appellee's contract with the State, and Appellant's are interlocutory with the current claim(s) pursuant to Crim.R. 32(B), amounting to a complete miscarriage of justice, which prevented the Common Pleas Court of proper jurisdiction over Appellee, being non-waivable pursuant to Crim.R. 12(B)(6). Consequently, voiding all subsequent proceedings, including all Appellant's contracts/agreements with the Appellees.
 "Aurguments of Law No. V
 "Trial court erred, abused its discretion and prejudiced Appellee ruling `the existence of a valid final judgment of conviction precludes Appellee from pursuing those claims in this court,' when The Municipal Courts failure to comply with Crim.R. 11, Crim.R. 22 and Crim.R. 44, Appellee was entitled *Page 6 
to representation by counsel of record, or record should have revealed Appellee's waiver as required upon initial appearance held 2/19/93 and Preliminary 2/26/93 entry, these violations are obvious, on the record papable, and fundamental, voiding Appellee's contract with the State, and Appellant's are interlocutory with the current claim(s) pursuant to Crim.R. 32(B), amounting to a complete miscarriage of justice. which prevented the Common Pleas Court of proper jurisdiction over Appellant, being non-waivable pursuant to Crim.R. 12(B)(6). Consequently, voiding all subsequent proceedings, including all Appellants contracts/agreements with the Appellees.
 "Aurguments of Law No. VI
 "R.C. 2945.71 Violations in holding Appellee 12 days without a warrant and failure to comply with rules governing preliminary hearing in felony cases, cannot be cured by a indictment, with no explanation on record by the court."
Because all of defendant's assignments of error are interrelated, we address them jointly.
 {¶ 7} Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. StateEmp. Relations Bd. (1997), 78 Ohio St.3d 181. An appellate court's review of summary judgment is conducted under a de novo standard.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41; Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588.
 {¶ 8} Each of defendant's assigned errors attacks the validity of his convictions for attempted rape and gross sexual imposition, the sexually oriented offenses underlying *Page 7 
plaintiff's complaint. Defendant's attempt to relitigate his convictions necessarily fails due to the doctrine of res judicata.
 {¶ 9} "Generally, there are two means by which defendant may challenge a judgment of conviction and sentence." State v. Hobbs, Scioto App. No. 05CA3011, 2006-Ohio-3121, ¶ 11. A defendant may file a direct appeal pursuant to App.R. 4(A) within 30 days of the judgment entry of conviction. Id. Alternatively, a defendant may file a petition for post-conviction relief pursuant to R.C. 2953.21. Id. Here, defendant did not file an appeal following the judgment entry sentencing him on his guilty plea to attempted rape and gross sexual imposition. Although defendant filed a post-conviction relief petition under R.C. 2953.21, he did so nearly five years after his conviction. Accordingly, the petition was denied as untimely filed; defendant did not appeal that determination. Accordingly, defendant's convictions became final.
 {¶ 10} A final judgment of conviction, pursuant to the doctrine of res judicata, bars a convicted defendant who was represented by counsel from raising and litigating any defense or any claimed lack of due process that was raised or properly could have been raised in either a direct appeal or a petition for post-conviction relief. See State v. Perry
(1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Thus, defendant's failure to file a direct appeal or a timely petition for post-conviction relief precludes defendant's litigating in this action the merits of his underlying convictions. Id.
 {¶ 11} In an attempt to circumvent the res judicata effect of his failure to appeal or to timely file a petition for post-conviction relief, defendant contends his conviction is void. As relevant here, a judgment is void if the trial court lacked jurisdiction over either the *Page 8 
subject matter or defendant. See Perry, supra, at 178-179 (explaining that "[w]here a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes res judicata as between the state and the defendant").
 {¶ 12} Defendant, however, does not explain how the court lacked subject matter jurisdiction or jurisdiction over his person. Nor do the documents in the record support his contentions. The record reveals that on February 18, 1993, two criminal complaints were filed in the Franklin County Municipal Court; the same day the clerk's office issued a warrant for defendant's arrest. The next day defendant was provided his initial appearance in the Municipal Court. Defendant appeared in open court, on the record, before a judge of that court; counsel represented defendant.
 {¶ 13} At that time, the court set bond in the amount of $50,000 surety for each of the two offenses, and it further scheduled defendant's preliminary hearing for February 26, 1993. See Crim.R. 5(B) (stating that "[i]f the defendant does not waive the preliminary hearing, the judge or magistrate shall schedule a preliminary hearing within a reasonable time, but in any event no later than ten consecutive days following arrest or service of summons if the defendant is in custody * * *"). On February 26, 1993, the charges were dismissed at the request of the prosecuting attorney because defendant already was indicted.
 {¶ 14} Nothing from the foregoing facts suggests the trial court lacked jurisdiction, either of the subject matter or of defendant. To the contrary, the matter followed the prescribed procedure for a complaint filed in the municipal court. Because the record fails *Page 9 
to raise any issue with respect to the validity of the trial court's jurisdiction of either the subject matter or defendant, the trial court's underlying judgment of conviction is not void. Because the judgment is not void, defendant's failure to appeal or to timely file a petition for post-conviction relief renders those judgments res judicata against defendant and prevents defendant from relitigating them in the present action. Accordingly, defendant's six assignments of error are overruled.
 {¶ 15} Having overruled all of defendant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
 SADLER, P.J., and KLATT, J., concur. *Page 1