[Cite as *State v. Kennedy*, 2024-Ohio-1170.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ALVIN KENNEDY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 MA 0050

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 1988 CR 00207

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor*,* Mahoning County Prosecutor's Office for Plaintiff-Appellee and

*Atty. Victoria Bader*, Assistant State Public Defender, Office of the Ohio Public Defender for Defendant-Appellant.

Dated:  March 27, 2024

**Robb, P.J.**

{¶1} Defendant-Appellant Alvin Kennedy appeals the decision of the Mahoning County Common Pleas Court denying a reclassification motion he filed in his 1988 criminal case regarding his sexual predator label. He states his sexual predator classification and registration requirements were the result of a 2010 judgment issued in a civil action he filed wherein the court mistakenly "reinstated" a classification that never existed. For the following reasons, the trial court's judgment is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} In 1988, a jury convicted Appellant of rape in violation of R.C. 2907.02(A)(2) and two counts of kidnapping in violation of R.C. 2905.01(A)(2). The court imposed consecutive sentences of 10 to 25 years for rape, 10 to 25 years for kidnapping the rape victim, and 8 to 15 years for kidnapping a different victim. (5/6/88 J.E.). This court affirmed Appellant's convictions. *State v. Kennedy*, 7th Dist. Mahoning No. 88 C.A. 93, 1990 WL 14793 (Feb. 16, 1990).

{¶3} On August 20, 1997, the trial court issued a judgment stating it received a sexual predator screening instrument from the Ohio Department of Rehabilitation and Correction (ODRC) recommending the court adjudicate Appellant as a sexual predator under the newly enacted R.C 2950.09 ("Megan's Law" classifications effective 1/1/97, registration and notification effective 7/1/97). The court asked the prosecution to report the state's position in writing within 7 days to ascertain whether Appellant should be transported for a hearing. A subsequent entry vacated the time limitation and said a hearing would be scheduled upon application by either side. (9/2/97 J.E.).

{¶4} On December 28, 1998, the trial court issued another judgment stating it received a sexual predator recommendation from ODRC. The court asked the prosecution to report the state's position in writing within 21 days to ascertain whether Appellant should be transported for a hearing.

{¶5} Eight months later, the court appointed an attorney to represent Appellant at a sexual predator hearing scheduled for September 22, 1999 and signed a warrant of removal directing Appellant's future transport from prison. (8/25/99 J.E.s). The next day,

defense counsel filed a motion for discovery. (8/26/99 Mot.). The trial judge in courtroom 3 then recused himself from the case and transferred the case to courtroom 2. (9/2/99 J.E.). On the same day, defense counsel moved to continue the hearing.

{¶6} The docket shows no further proceedings in Appellant's criminal case until December 22, 2022, when a public defender filed the "Motion for Reclassification by Operation of Law" at issue in this appeal. This motion said Appellant had been complying with sexual predator registration requirements (every 90 days for life) since his release from prison on June 30, 2008. The motion pointed out a sexual predator judgment entry was never filed in his criminal case and thus there is no indication the trial court held the sexual predator hearing scheduled in 1999.[1]

{¶7} Appellant's 2022 motion then cited a "civil complaint" he filed pro se on January 25, 2008, five months before his release from prison. Mahoning County C.P. No. 08 CV 381. He attached a copy of the docket in that case but did not attach a copy of the complaint. His motion said this complaint challenged the attorney general's automatic reclassification of him as a tier III sex offender (the highest level) under the newly enacted Adam Walsh Act, arguing it could not apply to offenses committed prior to the effective date. *See* R.C. 2950 (eff. 1/1/08) (containing tiers based on the offense).

{¶8} On the docket he attached the "Case Type" is labeled as "Civil" and the "Action" is labeled as "Administrative Appeal." An entry recorded in the attached civil docket recites a portion of a February 14, 2008 judgment, demonstrating the common pleas court judges issued a stay of all civil filings involving the reclassification of sexual offenders. (Mot.Ex. J) (showing the stay was filed in 08 CV 381 and 08 CV OPEN). Appellant was released from prison during the stay of his civil case. (Mot.Ex. A) (ODRC printout showing "release date" of June 30, 2008, with a "final release" from supervision on July 13, 2010).

---

[1] Contrary to a statement at page 3 in the state's brief, the record contains no indication Appellant was brought to the jail from the prison for the September 22, 1999 hearing. The warrant for removal instructed the sheriff to notify the court on his return. (8/26/99 J.E.). The docket does not contain a notice of return. Twenty days before the hearing, the judge recused and transferred the case to another judge, and defense counsel sought a continuance. We also note the Mahoning County Clerk of Court's online public website contains the docket, which is part of the physical file, and contains a calendar of events in the case. This calendar shows the September 22, 1999 hearing was canceled.

Case No. 23 MA 0050

**{¶9}** Appellant's 2022 motion for reclassification also provided the state's September 10, 2010 confession of judgment filed in 08 CV 381. In this filing, the state notified the court the decision that prompted the stay had been issued, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. The state emphasized the Supreme Court held the Adam Walsh Act reclassification provisions were unenforceable against those who were already classified under Megan's Law. The state's motion concluded by asking the court "to GRANT [Appellant's] Petition to Contest the Constitutionality of the Adam Walsh Act, VACATE the Ohio Attorney General's classification under that act, and REINSTATE [Appellant's] prior classification and registration order directing [him] to register as a SEXUAL PREDATOR." (Mot.Ex. K).

**{¶10}** Finally, Appellant's 2022 reclassification motion attached the trial court's September 20, 2010 judgment in 08 CV 381. In this entry, a visiting judge said *Bodyke* held the Adam Walsh Act's reclassification of offenders who had already been classified violated the separation of powers doctrine and interfered with judicial power by requiring final judgments to be reopened. The judge then granted Appellant's petition contesting the application of the Adam Walsh Act and vacated the attorney general's classification of Appellant under that act. The court additionally concluded: "The classification and registration order directing [him] to report as a sexual predator is hereby reinstated." (Mot.Ex. L).

**{¶11}** The docket from 08 CV 381 shows Appellant did not appeal this judgment. (Mot.Ex. J). A printout from the attorney general's offender search website confirms his classification as "(Pre AWA) Sexual Predator." (Mot.Ex. B).[2]

**{¶12}** Appellant's 2022 reclassification motion says there is no indication he received a sexual predator label that the 2010 judgment could reinstate prior to 2010, pointing out a hearing would have been required before a sexually oriented offender could be classified as a sexual predator. His motion concluded that upon his successful civil action to vacate his tier III label, he should have been (automatically) classified as only a

---

[2] Contrary to another statement at page 3 in the state's brief, there is no indication Appellant was released from prison with a sexual predator label and registered as a sexual predator immediately after his release. It is more likely Appellant was classified as a tier III sex offender prior to his release and during the stay of 08 CV 381 until his status was changed due to the 2010 judgment in that case (wherein the court vacated the Adam Walsh Act classification).

sexually oriented offender (subject to annual registration for 10 years). His 2022 motion thus asked the trial court in his criminal case to reclassify him as a sexually oriented offender and find he completed his registration duties.

**{¶13}** The state responded to Appellant's 2022 motion for reclassification by arguing Appellant waived the right to contest the sexual predator classification when he failed to appeal the September 20, 2010 order reclassifying him from a tier III sex offender under the Adam Walsh Act to a sexual predator. The state argued any procedural defects in classifying him were barred by res judicata and could not be relitigated, citing *State v. Horch*, 3d Dist. Union No. 14-07-47, 2008-Ohio-1494, ¶ 9-10 (res judicata barred argument about failure to hold a sexual predator hearing before classification, where defendant failed to appeal classification) and *State v. Stevenson*, 9th Dist. Summit No. 21953, 2005-Ohio-156, ¶ 7 (motion to correct illegally modified sentence, filed six years after classification, was barred by res judicata where defendant failed to raise the issue on the direct appeal of his sentence).

**{¶14}** On March 21, 2023, the trial court overruled Appellant's motion for reclassification. The within timely appeal followed.

<u>SEX OFFENDER STATUTES</u>

**{¶15}** Appellant was convicted and sentenced before Megan's Law enacted new sex offender classifications and registration requirements with community notification provisions for the highest classifications. *See* Former R.C. 2950 (eff. 1/1/97 and 7/1/97). The Ohio Supreme Court ruled the legislature was constitutionally permitted to apply Megan's Law to offenses committed before the effective date. *State v. Cook*, 83 Ohio St.3d 404, 409-423, 700 N.E.2d 570 (1998) (finding the law was remedial rather than punitive and did not violate the retroactivity clause of the Ohio Constitution or the ex post facto clause of the United States Constitution). *See also State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 40-43 (as to 2003 amendments).

**{¶16}** Appellant's rape offense was a sexually oriented offense. Former R.C. 2950.01(D)(1), citing R.C. 2907.02. The label "sexually oriented offender" would have attached automatically by operation of law and required the offender to report for ten years; however, the label "sexual predator" was a classification to be imposed by judicial decree and required the offender to report for life with community notification. Former

R.C. 2950.07(B); *State v. Schilling*, __ Ohio St.3d __, 2023-Ohio-3027, __ N.E.3d __, ¶ 24-26.

{¶17} A sexual predator is defined as a sexually oriented offender who is likely to engage in a sexually oriented offense in the future. Former R.C. 2950.01(E). However, a person convicted of a sexually oriented offense could be classified as a sexual predator only in accordance with division (B) or (C). Former R.C. 2950.09(A) (unless convicted of a sexually violent predator specification or required to register for life by another state).

{¶18} Division (C) provided where an offender was convicted of a sexually oriented offense and serving time in prison on a sentence imposed before the law's effective date, ODRC was to determine whether to recommend to the court that the offender be adjudicated a sexual predator. Former R.C. 2950.09(C)(1). Thereafter, the court "shall not make a determination that the offender is a sexual predator in any case without a hearing." Former R.C. 2950.09(C)(2)(a).

{¶19} The hearing was to be conducted in the manner described in division (B)(1), after which the court was to review all testimony and evidence presented, consider all relevant factors, and determine by clear and convincing evidence whether the offender was a sexual predator. Former R.C. 2950.09(C)(2)(b). (if not, then whether the offender was a habitual sexual offender due to a prior sexually oriented offense). The cited division (B) provides for notice of the sexual predator hearing, the right to appointed counsel if indigent, the opportunity to testify and present other evidence (including fact witnesses and experts), and the ability to cross-examine the state's witnesses. Former R.C. 2950.09(B)(1).

{¶20} The factors for determining whether an offender is a sexual predator include: (a) age; (b) prior criminal record; (c) age of the victim; (d) number of victims; (e) use of drugs or alcohol to impair the victim or to prevent resistance; (f) prior completion of any sentence and participation in available sex offenders programs; (g) mental illness or mental disability; (h) nature of the sexual interaction and whether it was part of a demonstrated pattern of abuse; (i) displays of cruelty or threats of cruelty during the sexual offense; and (j) any additional behavioral characteristics contributing to the offender's conduct. Former R.C. 2950.09(B)(2).

**{¶21}** Originally, the statute provided (in pertinent part) that an offender was considered to be "adjudicated as being a sexual predator" if:

> Prior to the effective date of this section, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after the effective date of this section, and, *prior to the offender's release from imprisonment*, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.

(Emphasis added.)  Former R.C. 2950.01(G)(3).  *See also* Former R.C. 2950.09(C)(1) (ODRC's recommendation to the court "prior to the offender's release from the term of imprisonment").

**{¶22}** An offender could not be labeled a sexual predator unless a hearing was conducted prior to the release of the prisoner (with sufficient advance notice).  *State v. Brewer*, 86 Ohio St.3d 160, 163, 712 N.E.2d 736 (1999) (reviewing four cases on direct appeal from the sexual predator proceedings, where some courts mentioned the trial court lacked "jurisdiction" to hold the hearing).  The Supreme Court held:  "if the determination is not made prior to the offender's release, the offender has not been 'adjudicated as being a sexual predator' according to the statute and is not subject to the more onerous requirements imposed upon that class of offenders."  *Id.*  The Court observed, "though the court may not lose jurisdiction to hold a hearing, the hearing cannot have the result of adjudicating the offender to be a sexual predator if it is not held prior to the offender's release."  *Id.*

**{¶23}** The phrase "prior to the offender's release from imprisonment" was eliminated from these subdivisions when the statute was amended in 2001.  Former R.C. 2950.01(G)(4) (eff. 3/15/01).  At the same time, an amendment added the following:  "The court may hold the hearing and make the determination prior to the offender's release from imprisonment or at any time within one year following the offender's release from that imprisonment."  Former R.C. 2950.09(C)(2)(a).

**{¶24}** A new system, the Adam Walsh Act, went into effect on January 1, 2008 (before Appellant's release from prison).  Under this act, the offender is automatically classified into one of three tiers by operation of law depending on the offense, with no

judicial discretion. R.C. 2950.01(E)-(G). The scheme instructed the attorney general to reclassify existing offenders. R.C. 2950.031(A); R.C. 2950.032(A)(1).

**{¶25}** Appellant says he filed 08 CV 381 before his release from prison to challenge the attorney general's ability to classify him under the Adam Walsh Act. Two years after Appellant was released from prison and while 08 CV 381 was stayed and still pending, the Ohio Supreme Court ruled the reclassification statutes in the Adam Walsh Act "may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." *Bodyke*, 126 Ohio St.3d 266, ¶ 66. The Court found the statutes requiring the attorney general to reclassify sex *offenders who were already classified by court order under former law* violate the separation of powers doctrine by allowing the executive branch to review past judicial decisions and by requiring the opening of final judgments. *Id.* at ¶ 67. This was the case cited in the 2010 judgment vacating Appellant's Adam Walsh Act tier classification (notwithstanding the alleged lack of a previous classification order).

**{¶26}** A year later, the Ohio Supreme Court found the legislature was not constitutionally permitted to apply the Adam Walsh Act retroactively to offenders who committed their offenses prior to the effective date. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22 (the changes rendered the scheme "so punitive that its retroactive application is unconstitutional"). The holding in *Williams* would be most relevant to those who committed their offense prior to the Adam Walsh Act but had no prior classification court order (which is Appellant's alleged status).

**{¶27}** As a result, "[t]hose who committed their offense before the effective date of the AWA are subject to the provisions of Megan's Law; those who committed their offense after the effective date of the AWA are subject to the AWA." *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, ¶ 17.

ASSIGNMENT OF ERROR

**{¶28}** Appellant's assignment of error on appeal contends:

"The Mahoning County Common Pleas Court erred when it denied Alvin Kennedy's motion for reclassification by operation of law."

{¶29} Appellant points out the record in his criminal case contains no indication he was ever the subject of a sexual predator hearing or a sexual predator judgment and suggests the record in the civil case contains no indication of a sexual predator hearing or consideration of the sexual predator factors. He says, in 2010, the court in his civil action violated the strict requirements of Megan's Law when it mistakenly reinstated a sexual predator classification that had never been imposed. He blames this mistake on the state misrepresenting his prior classification status to the court in his civil action (in the state's confession of judgment, which asked the court to vacate the Adam Walsh Act classification and to reinstate the prior sexual predator classification). In the conclusion of his brief, Appellant mentions for the first time that this error resulted in a "void" classification.

{¶30} The state argues the argument is barred by res judicata because Appellant did not raise it earlier. Initially, we note the state's brief suggests Appellant should have raised the issue in the appeal of his 1988 conviction or after the 1999 anticipated proceedings. (St.Br. 1, 3) ("Appellant did not bring this appeal when he was convicted in 1988"; "Regardless of when Appellant was made aware that he was a sexual predator— 1999, 2008, or 2010—one thing that is clear is that he took no action, via appeal or otherwise, to address his classification until 2022"). As Appellant points out: Megan's Law was enacted in 1997 (after his direct appeal of his conviction); no judgment classifying him as a sexual predator was issued when the court was contemplating a hearing in 1997 through 1999 after receiving a "recommendation" from ODRC; and he (allegedly) was not classified as a sexual predator until the 2010 court order (which was the result of his initiation of the 2008 action in response to the attorney general's classification of him as a tier III offender under the Adam Walsh Act).[3]

{¶31} More appropriately, the state points out Appellant did not contest the sexual predator label imposed on September 20, 2010, when the trial court granted his petition

---

[3] The offender search exhibit showing Appellant's label which he attached to his reclassification motion also mentions a 2015 conviction for failing to register, citing R.C. 2950.04. (Mot.Ex. B). The state did not raise the issue below but now argues Appellant could have appealed the 2015 conviction to raise any issue with continuing registration requirements due to the alleged flaws with his sexual predator label. We note the statute cited in Appellant's exhibit deals with the manner of registering and applies to sexually oriented offenses in general; i.e., even without a sexual predator label, Appellant still would have been required to register as a sexually oriented offender at that time, as it was within 10 years of his release.

contesting his 2008 Adam Walsh Act tier III classification and "reinstated" sexual predator classification and registration requirements. It is emphasized that Appellant could have appealed this judgment, which resulted in his official classification record being modified from tier III to "(Pre AWA) Sexual Predator."

{¶32} It has been observed that cases discussing errors related to "jurisdiction" do not always involve a lack of jurisdiction of the type that renders a judgment void. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10-12, 21-22. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23. The court acquires personal jurisdiction over a criminal defendant where there exists a "lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge" or the defendant "submits" to the court's jurisdiction without objecting to it. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 36. The "third type of jurisdiction", which involves consideration of the individual parties' rights and can only render a judgment voidable, involves the trial court's "jurisdiction over a particular case [which] refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Bank of America, N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19-23.

{¶33} Where a trial court had jurisdiction over the subject matter of the action and the parties, subsequent questions merely involve the "exercise of the jurisdiction" already conferred and "any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Harper*, 160 Ohio St.3d 480 at ¶ 22, 26, 41-42. Allegations about a voidable judgment must be raised in an appeal of the pertinent judgment and not in a subsequent motion where such allegations will be considered res judicata. *Id.* (overruling precedent on a void sentence and holding the failure to properly impose post-release control at sentencing does not render that portion the sentence void). "[F]ailure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson*, 161 Ohio St.3d 285 at ¶ 17.

{¶34} In *Henderson*, the Supreme Court barred the prosecution from attempting to correct the trial court's error in imposing a sentence of 15 years for murder instead of

the statutorily required sentence of 15 years to life. *Henderson*, 161 Ohio St.3d 285 at ¶ 1, 43 (pointing out the common pleas court had subject matter jurisdiction over felony sentencing). The Court found the state was required to file a direct appeal of the sentence in order to correct the issue, opining the sentence was not void but only voidable (and thus subject to the res judicata bar). *Id.* "[W]hen a court has jurisdiction to act, any errors in the court's judgment are voidable and are subject to res judicata if they are not timely appealed * * *." *State v. Schilling*, __ Ohio St.3d __, 2023-Ohio-3027, __ N.E.3d __, ¶ 1.

{¶35} Citing *Henderson*, the state concludes Appellant is likewise barred from protesting an erroneous trial court decision on his sexual predator label after he failed to appeal the decision. Appellant's reply claims the more recent *Schilling* case rendered *Henderson* inapplicable to this type of sex offender classification issue.

{¶36} In *Schilling*, the defendant committed a sexually oriented offense prior to the effective date of the Adam Walsh Act but was sentenced after the act's effective date. At sentencing, he was provided notice that he was a tier I offender (the lowest tier). *Id.* at ¶ 9. He automatically would have been considered a sexually oriented offender under Megan's Law. When the defendant later asked for early termination of his reporting requirements and credit for out-of-state reporting, the state argued he could not seek early termination because he was actually a sex offender under Megan's Law (which did not provide for such procedure). *Id.* at ¶ 13. The defendant urged the state's contention was barred by res judicata. The trial court declared the defendant had been erroneously classified under the Adam Walsh Act, he was a sexually oriented offender under Megan's Law, and early termination could not be granted. *Id.* at ¶ 15. The defendant later filed a second motion and appealed the denial of this second motion. The appellate court reversed, applying the holding in *Henderson* and essentially concluding the Adam Walsh Act classification remained because the court was barred by res judicata from revisiting the unappealed sentence.

{¶37} The Supreme Court in *Schilling* disagreed, pointing out there was not actually a judicial decision imposing the status of a tier I sex offender (just a memorialization that the offender was notified about this tier). *Id.* at ¶ 23-25. "Likewise, classification as a sexually oriented offender under Megan's Law and the attendant registration and reporting obligations do not arise from a trial court's judgment" but arise

by operation of law (unlike a habitual offender or sexual predator label). *Id.* at ¶ 25. "A person's obligation to register and report as a sex offender under either of Ohio's sex-offender registration and reporting schemes does not arise by judicial determination. It arises by operation of law based on the sex-offense conviction itself. Accordingly, *Henderson* does not apply here, because our holding in that case applies only with respect to errors in a trial court's exercise of its judgment." *Id.* at ¶ 2.

**{¶38}** Distinctly, Appellant was seeking to have the trial court in his original criminal sex offense case declare void a sexual predator judgment issued by a court in his civil (or administrative appeal) case. Still, he says the particular sexual predator decision in his civil case was not entered after an exercise of judgment on the sexual predator label because the court believed it was merely reimposing a prior designation that never in fact occurred. However, *Schilling* (which permits modification of the Adam Walsh Act automatic label of tier I to the Megan's Law automatic label of sexually oriented offender) does not answer the question raised by Appellant's demand here (to change the Megan's Law label of sexual predator to the automatic label of sexually oriented offender under the same law).

**{¶39}** In support of its res judicata argument, the state cites cases where a classification or registration requirement was imposed at sentencing and the defendant failed to appeal the issue and then filed a post-conviction motion raising a classification issue. *See, e.g., State v. Schell*, 9th Dist. Lorain No. 21CA011816, 2022-Ohio-4142 (decision incorrectly classifying defendant with no prior convictions as a habitual sex offender under Megan's Law, instead of a sexually oriented offender, was not void; the issue was res judicata as the classification order could have been appealed); *State v. Hobbs*, 4th Dist. Scioto No. 05CA3011, 2006-Ohio-3121 (res judicata prohibited a defendant from raising issues with his classification where he failed to appeal the registration order issued in his criminal case for failure to register after an out-of-state conviction). *See also State v. Horch*, 3d Dist. Union No. 14-07-47, 2008-Ohio-1484, ¶ 10 (argument was barred by res judicata where the direct appeal did not allege error regarding the trial court's failure to hold a sexual predator classification hearing before labeling the defendant in the sentencing entry).

**{¶40}** Appellant's reply argues the failure to appeal the imposition of a registration requirement *imposed at sentencing* is distinguishable from his situation. Nevertheless, the state's point was to cite cases involving a failure to appeal the entry containing the contested label; i.e., cases which address whether certain omissions leading up to the label can render it void (so as to avoid the res judicata bar in a post-sentence motion to eliminate a classification).

**{¶41}** The Tenth District held a trial court has jurisdiction after the offender's release from prison to correct the Adam Walsh Act tier label placed upon him before his release. *State v. Nash*, 10th Dist. Franklin No. 19AP-171, 2020-Ohio-388, ¶ 11-12, citing *Brewer*, 86 Ohio St.3d at 164 (indicating the trial court does "not lose jurisdiction to hold a hearing" after release) and *State v. Bellman*, 86 Ohio St.3d 208, 209 (1999) (the statutory timing requirements of the sexual predator hearings are not jurisdictional and were waived where an offender agreed to a continuance). In *Nash*, the defendant was notified of his tier III sexual offender status at sentencing even though his offense was committed prior to the Adam Walsh Act. Before his release from prison, a reclassification hearing was scheduled; however, it was continued until after his release, when he claimed the court lost jurisdiction to label him a habitual sex offender. *Nash*, 10th Dist. No. 19AP-17 at ¶ 3. The Tenth District concluded: "Notwithstanding the fact that Nash has been released from prison, the trial court had jurisdiction to vacate the improper punitive Adam Walsh Act classification, hold a hearing, and replace it with an appropriate civil registration requirement under Megan's Law." *Id.* at ¶ 18. *See also State v. Bell*, 12th Dist. Clermont No. CA2015-10-077, 2016-Ohio-7363, ¶ 12-21 (the trial court does not lose jurisdiction to hold a hearing and reclassify under Megan's Law after a defendant is released, where the attorney general classified him under the Adam Walsh Act while he was incarcerated).

**{¶42}** The erroneous exercise of jurisdiction in adjudicating a person as a sexual predator is not the same as a lack of subject matter jurisdiction to rule in a case. *See State ex rel. Grant v. Collins*, 155 Ohio St.3d 242, 2018-Ohio-4281, 120 N.E.3d 804, ¶ 13, 16. In accordance, a trial court would not lack jurisdiction to impose Megan's Law requirements on offenders after their release from prison where before their release: they were labeled under the Adam Walsh Act; they initiated an action to contest the Adam Walsh Act label; and that case was stayed pending a Supreme Court ruling.

{¶43} Whether the trial court erred in issuing the judgment in Appellant's 2008 action, which had the result of labeling Appellant a sexual predator, could have been addressed in a direct appeal of the September 20, 2010 judgment now being contested. Any failure to follow the statutory process for labeling would not render a judgment void. Likewise, any erroneous use of the term sexual predator instead of the term sexually oriented offender or instead of just generally saying his prior classification was reinstated would not equate to a lack of subject matter jurisdiction by the court issuing the judgment but would be an error in the exercise of jurisdiction. Where a person institutes an action and succeeds in challenging a label imposed upon them under one act and where the same judgment relabels the person under a prior act, the person should appeal if the relabeling is incorrect. Accordingly, Appellant's arguments are barred by res judicata to the extent they could have been raised in a 2010 appeal.

{¶44} Even if Appellant is suggesting we should read the contested line in the September 20, 2010 judgment under an extremely limited reading, the jurisdictional category of the order does not change. This portion of the judgment states, "The classification and registration order directing Petitioner-Defendant Alvin A. Kennedy to report as a sexual predator is hereby reinstated." One could argue this should be interpreted as a pure order to reinstate a prior order and not as a sexual predator label in itself, meaning if no prior sexual predator order could be found, then the reinstatement order had no practical effect, except to reinstate whatever prior classification order was imposed on Appellant by operation of law (sexually oriented offender).

{¶45} Under the above reading, one could reason the record-keeping authorities have been miscategorizing Appellant. In other words, those following the judgment are failing to follow the precise concept encompassed in the language on reinstatement. Yet, even under this favorable reading with an argument that the attorney general was misclassifying Appellant based on the misreading of a judgment (i.e., the order was merely to reinstate a prior order), any remedy would have to occur by other means.

{¶46} For instance, one could envision the issuance of a writ in an action against the official who maintains the classification records. *See State v. Kelly*, 7th Dist. Mahoning No. 07 MA 27, 2007-Ohio-6228, ¶ 31, 33 (where the entry labeled the offender as a sexual predator but did not specifically impose duty to register, this court mentioned

Case No. 23 MA 0050

the dispute as to ODRC registration requirements could possibly be remedied by a writ), citing *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 17 (misidentification as a sexual predator who was required to register has a mandamus remedy).[4]   However, this court will not issue an advisory opinion on the likelihood of success of proceeding through the requirements for seeking an extraordinary writ in an original action.

**{¶47}**  To further demonstrate the problem with seeking relief from the court in his criminal case, we make some additional observations.  As emphasized above, the labels under Megan's Law are civil and collateral.  See *Cook*, 83 Ohio St.3d at 409-423 (Megan's Law is remedial rather than punitive); *State v. Ferguson*, 120 Ohio St.3d 7 at ¶ 40-43 (regarding 2003 amendments).  In the case at bar, the court in a separate civil type of action was (allegedly) the only court stating Appellant was a sexual predator (even if indirectly through "reinstatement" language).  Even in cases where it was the judge in the criminal case who issued the sexual predator judgment, courts have observed a motion to vacate an erroneously imposed label is not a petition for post-conviction relief (under R.C. 2953.23); rather, it is a Civ.R. 60 motion.  *Kelly*, 7th Dist. No. 07 MA 27 at ¶ 22.

**{¶48}**  "To the extent that [the offender's] motion challenged his sexual predator classification, it could not be characterized as a petition for postconviction relief, and no provision of the Ohio Rules of Criminal Procedure apply. That portion of [his] motion is most accurately characterized as a motion for relief from judgment under Civ.R. 60(B)." *State v. Dennard*, 9th Dist. Lorain No. 17CA011199, 2019-Ohio-2601, ¶ 9, citing *State v. Wesley*, 149 Ohio App.3d 453, 2002-Ohio-5192, 777 N.E.2d 905, ¶ 6 (6th Dist.) ("Notwithstanding the state's extensive trial court argument characterizing appellant's 'Petition' as an application for postconviction relief, it appears that the trial court properly treated it as a motion for relief from judgment, pursuant to Civ.R. 60(B)."). *See also State v. Booker*, 8th Dist. Cuyahoga No. 95740, 2011-Ohio-2154, ¶ 9.

---

[4] We also cited cases concerning a gap in statutory registration coverage. *Kelly*, 7th Dist. No. 07 MA 27 at ¶ 28-29, citing *State v. Taylor*, 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, ¶ 10, citing *State v. Bellman*, 86 Ohio St.3d 208, 714 N.E.2d 381 (1999) (although the offender could be adjudicated a sexual predator, he had no duty to register if he did not fit within the plain language of R.C. 2950.04 describing categories of registrants).

{¶49} Accordingly, a post-judgment motion could have been attempted under Civ.R. 60 *in the case where the order was issued*. Raising the issue in a post-sentence motion in the criminal case (a case where allegedly no sexual classification order exists), asks the criminal court to vacate another court's judgment by issuing a declaratory judgment on the other judge's order or by issuing an order to the maintainer of the classification records. That is, Appellant's motion filed years after his conviction in the criminal case attempts to introduce, analyze, and reject an order issued in a separate action resulting in the label thereafter placed upon him by entities not parties to this action. He is thereby asking the court in his criminal case (and this court on appeal in that criminal case) to evaluate evidence outside the record such as the procedural history of another case. This is a process that would generally occur by a direct record review (if a motion had been filed in the civil case) or through a summary judgment motion (if an original action had been initiated and allowed to proceed). The criminal court and its reviewing court cannot just make assumptions (such as on the lack of original actions on this topic or on the contents of unsworn documents attached to his motion). We also note the file in 08 CV 381 was not certified as an exhibit to the motion filed in the criminal case, and the complaint initiating the 2008 action was not attached to the reclassification motion in order to ascertain what Appellant was seeking in that action, the attachment of any exhibits to the complaint, or any invited error issues.

{¶50} To the extent Appellant may present a challenge to the 2010 judgment arising from facts outside of the record in 08 CV 381 in an attempt to avoid a res judicata bar in that case, filing a motion in the criminal case is improper. In accordance, Appellant's assignment of error is overruled, and the trial court's judgment denying Appellant's reclassification motion is affirmed.


Waite, J., concurs.

Hanni, J., dissents, with dissenting opinion.


Case No. 23 MA 0050

Hanni, J., dissent with dissenting opinion.

**{¶51}** With regard and respect to my colleagues, I must dissent from the majority opinion. I would find that former R.C. 2950.09(B)(3) automatically classified Appellant as a sexually oriented offender by operation of law.

**{¶52}** Appellant was convicted and sentenced in 1988. We affirmed his convictions in 1990. The trial court issued judgment entries in 1997 and 1998 setting time limits for the prosecution to respond as to whether a classification hearing was necessary after Megan's Law was enacted. A hearing was finally scheduled eight months later, but the hearing was continued at the request of the defense and thereafter canceled.

**{¶53}** Appellant never received a classification hearing. The trial court never classified Appellant under Megan's Law. The prosecution never appealed or otherwise notified the court of the lack of a hearing or classification.

**{¶54}** No further action occurred in Appellant's criminal case until December 22, 2022, over 20 years later. The public defender filed a motion for reclassification and mentioned Appellant's 2008 pro se civil action challenging his classification under the Adam Walsh Act. The court agreed with Appellant in the 2008 action following the Ohio Supreme Court's holding in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, and the State of Ohio's confession of judgment. However, the court "reinstated" Appellant's "prior classification" as a sexual predator, as the State had requested in its confession of judgment.

**{¶55}** But there was no "prior classification" to "reinstate." The State asserted that Appellant waived the right to contest the classification because he failed to appeal the court's judgment "reinstating" his "prior classification as a sexual predator" in his civil pro se case. However, the same could be said regarding Appellee's failure to appeal the trial court's lack of a classification hearing or sexual predator classification some 34 years ago in the criminal case. In *State v. Todd*, 10th Dist. Franklin Nos. 20AP-587, 20AP-588, 2023-Ohio-4847, ¶ 62 (Luper Schuster, J. concurring in judgment only), Judge Luper Schuster indicated that she would hold that res judicata barred the State from appealing the trial court's omission of Megan's Law classification in the 24-year old sentencing entry. She reasoned that former R.C. 2950.09(B)(3) permitted the defense or the prosecution

to appeal from sexual predator determinations and submitted that "[i]f the state believed Todd should have been classified as a sexual predator, its remedy was to appeal from the original sentencing entry even though the entry was silent as to the Megan's Law classification because, as explained above, the classification of sexually oriented offender occurred by operation of law." *Id.* (Luper Schuster, J. concurring in judgment only).

**{¶56}** The instant case contains a host of missteps on the part of all involved. Despite this, Appellant has reported as a sexual predator since 2008, even though he never received such a classification or a hearing. The majority places the burden on Appellant to properly legally challenge the trial court's lack of hearing and classification. However, the manner in which to challenge this issue is unclear. Further, both the State and the trial court could have easily reviewed the file and discovered some time in the last 34 years that a classification hearing was not held and Appellant was never classified.

**{¶57}** I would find that under these circumstances, the label "sexually oriented offender" automatically attached to Appellant by operation of law under Megan's Law.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**